[L. A. No. 28929.   In Bank.   Sept. 29, 1966.]

BERT F. GREY, Plaintiff and Respondent, v. FIBREBOARD PAPER PRODUCTS COMPANY, Defendant and Appellant.

Betts & Loomis and Richard B. Castle for Defendant and Appellant.

Edward E. Everly and James G. Butler for Plaintiff and Respondent.

PEEK, J.—Plaintiff was injured when, as a machinist engaged to repair defendant's paper cutting machine, his hand and lower arm were caught between the machine's rollers and severely injured. The jury returned a verdict in favor of plaintiff, and defendant appeals. The sole question presented is whether it was error, under the circumstances, to refuse to instruct the jury on the doctrine of assumption of the risk involved.

Evidence was adduced at trial to the effect that plaintiff had been a machinist for some 30 years, and during this period had worked on various types of heavy equipment. On the day in question he was sent to defendant's plant by his employer with instructions to correct a malfunction in a paper cutting machine. Upon his arrival he refused the offered assistance by defendant's "leadman," stating that the job was one that could best be performed by one man.

After two to three hours of work plaintiff found it necessary that he smooth a set of rollers on the machine. This necessitated holding a piece of emery cloth against the bottom roller while the rollers were in operation. Attached to and immediately behind the bottom roller and parallel to it were "grabs," or toothed wheels, which removed the paper after being cut by the machine. At some point the emery cloth held by plaintiff was caught by one or more of the "grabs" and his hand was drawn between the rollers. He attempted to pull away, but could not do so. Because of his position at the moment he could not reach the switch to cut off the power to the machine, nor had defendant provided for someone to remain in the near vicinity to assist plaintiff in the case of an emergency. His cries for help were finally heard by an office girl, the only employee of defendant who was in the near vicinity.

In addition to evidence that plaintiff, as a machinist for 30 years, was experienced in the operation and characteristics of heavy machinery of the type here involved, there is other evidence that he had worked with this particular machine for approximately three hours before the accident, that he knew that none of defendant's employees who might assist him in the event of an emergency were in the immediate area, and

that he failed to position himself near a cut-off switch so that he could stop the machine should an emergency arise.

Both the plaintiff and defendant requested instructions on the doctrine of assumption of the risk but the court gave none. However, the trial court did instruct the jury on contributory negligence as follows: "Contributory negligence is negligence on the part of a person who thereafter becomes a claimant for damages for alleged injury to his person or his property and which negligence, concurring with the negligence of another, contributes in some degree in proximately causing the damage of which the claimant thereafter complains. One who is guilty of contributory negligence may not recover from another for the injury suffered. Negligence is not to be classified into degrees, or grades, or kinds. If you should find that there was negligence on the part of more than one person whose conduct is in question in this case, your determination of liability must not be influenced by any comparison of their negligence. It is immaterial whether one was more or less negligent than another." Negligence had previously been defined as: ". . . the doing of an act which a reasonably prudent person would not do, or the failure to do something which a reasonably prudent person would do, actuated by those considerations which ordinarily regulate the conduct of human affairs. It is the failure to use ordinary care in the management of one's property or person."

Approximately three hours after the jurors began their deliberations the foregoing instruction on contributory negligence was reread to them at their request. The plaintiff's verdict was returned after two additional hours of deliberation.

The question thus presented is whether, on a judgment for plaintiff in a situation where defendant presented the adduced evidence on the issue of assumption of risk by plaintiff, it was prejudicially erroneous for the court to refuse to instruct on that issue and to give instructions only on contributory negligence.

In *Prescott v. Ralphs Grocery Co.*, 42 Cal.2d 158 [265 P.2d 904], this court discussed the distinction between contributory negligence and assumption of risk. It is stated there, at pages 161-162: "The defenses of assumption of risk and contributory negligence are based on different theories. Contributory negligence arises from a lack of due care. The defense of assumption of risk, on the other hand, will negative liability regardless of the fact that plaintiff may have acted with due care. (See

Prosser on Torts [1941] p. 377.) It is available when there has been a voluntary acceptance of a risk and such acceptance, whether express or implied, has been made with knowledge and appreciation of the risk. (See Rest., Torts, § 893.) Where the facts are such that the plaintiff *must have had knowledge of the hazard,* the situation is equivalent to actual knowledge, and there may be an assumption of the risk, but where it merely appears that he *should or could have discovered the danger* by the exercise of ordinary care, the defense is contributory negligence and not assumption of risk. (*Hayes* v. *Richfield Oil Corp.,* 38 Cal.2d 375, 385 [240 P.2d 580]; see Prosser on Torts [1941] p. 386.)'' (Italics added.) The court concluded in that case that the trial court's instruction on assumption of risk was prejudicially erroneous because it provided for application of the doctrine in the absence of a finding of actual knowledge of the hazard, and hence reversed a judgment for defendant.

More recently we stated in *Vierra* v. *Fifth Avenue Rental Service,* 60 Cal.2d 266 [32 Cal.Rptr. 193, 383 P.2d 777], at page 274: ''In this state the rule is clearly established that before the jury may be properly instructed on the doctrine [of assumption of risk] there must be evidence not only that the plaintiff knew that he was stepping into a place of danger, but also had actual knowledge of the specific danger involved.'' (See also *Shahinian* v. *McCormick,* 59 Cal.2d 554, 567 [30 Cal.Rptr. 521, 381 P.2d 377].)

It also has been said that in asserting the defense of assumption of the risk, the acceptance of the dangers which are inherent in the circumstances must be voluntary and knowing. (2 Witkin, Summary of Cal. Law (7th ed. 1960) Torts, § 349, p. 1551.) This knowledge need not necessarily be proven from direct evidence, however, it is sufficient to show facts, such as opportunity to observe, experience and warning by another, upon which the jury might be warranted to base an inference of knowledge. (See *Gallegos* v. *Nash, San Francisco,* 137 Cal.App.2d 14, 19 [289 P.2d 835]; *Morton* v. *California Sports Car Club,* 163 Cal.App.2d 685, 688 [329 P.2d 967].)

Defendant argues in the instant case that there was substantial evidence to support an instruction on assumption of risk, and that the failure to so instruct was prejudicially erroneous. The factual basis for this contention is claimed in the circumstance that plaintiff continued his work with the knowledge that he was unable to stop the machine without

assistance and that there was no one in the immediate vicinity to assist him in the event of an emergency.

Although it does not appear as a matter of law that plaintiff had assumed the risk here involved, nevertheless sufficient evidence was presented which would justify a finding that each of the elements of the doctrine existed. The "specific danger" mentioned in *Vierra* was, in the instant case, that the machine would continue to operate should an emergency arise. Plaintiff knew or must have had knowledge that this risk was present, but he elected to continue to repair the machine, while it operated, under conditions which did not permit him or others to stop it in a timely manner. █ In short, there was evidence which would have justified a finding that plaintiff had *actual knowledge of the specific risk* he faced, but elected to proceed despite that knowledge. The instruction then, should have been given. However, it remains to be determined whether the error in failing to so instruct was prejudicial in view of the instruction given on contributory negligence.

█ While contributory negligence and assumption of risk are two different legal doctrines, one being based on a failure to exercise due care in the circumstances and the other being based upon voluntary exposure to a known risk, it is nevertheless true that the two doctrines overlap in many situations. The commentators universally recognize that the term "assumption of risk" has been used by the courts to describe several kinds of situations whose real differences should demand different kinds of treatment. █ To simplify greatly, it has been observed (see 2 Harper and James, The Law of Torts, p. 1162 et seq.; Prosser, Handbook of Law of Torts (3d ed.) p. 450 et seq.) that in one kind of situation, to wit, where a plaintiff *unreasonably* undertakes to encounter a specific known risk imposed by a defendant's negligence, plaintiff's conduct, although he may encounter that risk in a prudent manner, is in reality a form of contributory negligence which may be defined as follows: ". . . conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection, and which is a legally contributing cause co-operating with the negligence of the defendant in bringing about the plaintiff's harm." (Rest. 2d Torts, § 463, p. 506.) Other kinds of situations within the doctrine of assumption of risk are those, for example, where plaintiff is held to agree to relieve defendant of an obligation of reasonable conduct toward him. Such a situation would not

involve contributory negligence, but rather a reduction of defendant's duty of care.

It is evident that the instant case presents an example of the first of the foregoing situations. ■ The testimony presented would support, but not compel, a finding that plaintiff unreasonably proceeded in a situation of known danger. As such, the ''assumption of risk'' here involved is but a variant of contributory negligence, and as the jurors were instructed, in effect, that plaintiff could not recover if his negligence concurred with the negligence of the defendant to contribute in some degree in proximately causing the damage, no prejudice is demonstrated. The jurors necessarily determined that plaintiff was not negligent in any degree; in other words, that his conduct did not fall ''below the standard to which he should conform for his own protection,'' and was not a ''contributing cause co-operating with the negligence of the defendant in bringing about the'' harm. Thus, the jurors absolved plaintiff of any misconduct in jeopardizing his well-being, and necessarily determined that he did not unreasonably undertake to encounter a specific known risk, the prerequisite upon which the particular defense of assumption of risk must be based.

Although it was error not to instruct the jurors on the doctrine of assumption of risk, it is not reasonably probable that a result more favorable to defendant would have been reached in the absence of the error. Accordingly, there has been no miscarriage of justice. (Cal. Const., art. VI, § 4½; *People* v. *Watson*, 46 Cal.2d 818, 836 [299 P.2d 243].)

The judgment is affirmed.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Mosk, J., and Burke, J., concurred.

Appellant's petition for a rehearing was denied October 26, 1966.