[Civ. No. 12634. Third Dist. Mar. 8, 1972.]

HAROLD HALL, Plaintiff and Appellant, v.
C & A NAVARRA RANCH, INC., et al., Defendants and Respondents.

## COUNSEL

Alfred Nelson for Plaintiff and Appellant.

Mayall, Hurley, Knutsen, Smith & Green and Alan E. Smith for Defendants and Respondents.

## OPINION

**TAYLOR (WARREN), J.***—Plaintiff appeals from a summary judgment for defendants after a finding by the trial court that no triable issue of fact existed.

*Assigned by the Chairman of the Judicial Council.

I

The declarations, answers to interrogatories and admissions of the parties disclose the following facts.

Early in 1967, plaintiff, a beekeeper, moved 265 colonies of bees into defendants' almond orchard, at defendants' request, for the purpose of pollinizing the orchard. About a month later, plaintiff discovered that many of his bees had been killed. Investigation disclosed that they had been killed by a recent application of parathion, a pesticide, to defendants' orchard. The parathion had been applied by defendants with a ground rig or spray applicator. At all times defendants knew of the presence of plaintiff's colonies in their orchard and in the orchard adjoining their property. They knew the colonies belonged to plaintiff and knew how to contact plaintiff.

Two other beekeepers assigned to plaintiff similar claims against defendants arising out of their placement of 100 colonies and 40 colonies, respectively, in the orchard adjoining defendants' property. The assignors' declarations show that their claims against defendants are substantially the same as plaintiff's. Defendants were aware of the presence of their colonies.

Neither plaintiff nor his assignors received prior notice of defendants' application of the parathion nor consented to its application.

Plaintiff and his assignors concede that they failed to comply with the requirements of Agricultural Code sections 279 and 275.[1]

---

[1] Section 279 (now substantially unchanged as § 29241) provided:

"Every person who is the owner or in possession of an apiary located within the State, on the first day of November of each year, or within thirty (30) days thereafter, shall register the number of colonies in each apiary owned by him, and the location thereof. Every person who moves bees into the State or who otherwise comes into possession of an apiary located within the State after the first day of November shall register the number of colonies so acquired within thirty (30) days after coming into possession thereof. Registration shall be filed with the commissioner of the county in which the apiary is located, or with the director if there is no commissioner in the county."

Section 275 (now substantially unchanged as § 29121) provided:

"It is unlawful for any person who has relocated a colony or colonies of bees within the state to fail to send a notice within five days of such relocation to the commissioner of the county in which the movement originated, and a second notice to the commissioner of the county of destination if the bees are moved from one county to another. The notice shall include a statement of all of the following:

"(a) The number of colonies of bees moved.
"(b) The number of colonies of bees left at the point of origin.
"(c) The location of the point of origin and point of destination.
"(d) The name and address of the apiary operator."

## II

■ Defendants contend that the summary judgment appealed from is an appropriate disposition of the case because of the provisions of Agricultural Code section 279.25 (now substantially unchanged as § 29246) which provided:

"Any person owning or in possession of an apiary who fails to register it, or changes the location of an apiary in violation of Section 275, or who fails to provide a sign as required by Section 279.2, shall not be entitled to recover damages for any injury to such apiary by reason of any pest control operation."

We disagree with defendants' contention. California has developed elaborate regulations to adjust and accommodate competing agricultural interests. (See *Crop Dusting: Legal Problems in a New Industry* (1953) 6 Stan. L.Rev. 69.) The California Administrative Code, title 3, section 3096, makes clear how the regulation of pest control operations and the regulation of apiaries have been woven together.[2] In general terms, these regulations provide that no person engaged for hire in the business of pest control shall apply any pesticide known to be harmful to bees without inquiring of

---

[2] "3096. Protection of Bees. (a) No person engaged for hire in the business of pest control shall apply any pesticide known to be harmful to bees on blossoming crops in which bees are working except under the following conditions:

"(1) He shall inquire of the agricultural commissioner of the county in which the work is to be done if any beekeeper has requested notice of such operations for apiaries located on the property to be treated or within one mile of such property.

"(2) If he is so advised by the commissioner, he shall notify the beekeeper by collect telephone or collect telegraph message, or other expedient means provided by the beekeeper and at the beekeeper's expense, of the time and place the application is to be made, of the crop and acreage to be treated, and the identity and amount of the pesticide to be applied.

"(3) He shall give the notice provided for in this Section 3096 prior to application of the pesticide, allowing a reasonable time, not exceeding 48 hours, to move, cover or otherwise protect the bees; provided, however, the commissioner in his discretion may reduce such time.

"(4) He shall make any such application of pecticides only during the hours and under the conditions provided in the regulations and permit, if any, of the commissioner.

"(b) Each beekeeper who desires notice as provided for in this section shall report to the commissioner of the county in which his apiaries are located, on a form approved by the commissioner, of each location of apiaries for which notification is sought. Said report shall be mailed within the 72-hour period before locating or relocating the apiaries, but not later than five days after such movement as required by Section 29121 of the Agricultural Code. If the beekeeper fails to submit such written report before locating or relocating his apiaries, he shall not be entitled to notification by the pest control operator as provided in paragraph (a) until receipt and processing of the written report is made by the commissioner.

"(c) The commissioner shall not be required to give notice to pest control operators pursuant to this section until said written report by the beekeeper has been received and processed by him. Late notification by the beekeeper not complying

the Agricultural Commissioner if there are any apiaries on the property to be treated or within one mile thereof. If advised there are apiaries, the pest control operator must notify the beekeeper of the application, allowing a reasonable time, not exceeding 48 hours, for the beekeeper to move, cover or otherwise protect the bees. The Agricultural Commissioner is not required to give notice to pest control operators until the beekeeper has reported to the commissioner the location of his apiaries. Accordingly, the requirements of registration and notice of relocation aid the Agricultural Commissioner by providing an opportunity for inspection, protect the beekeeper from unreasonable injury to his apiaries by pest control operations and protect persons engaged in pest control from liability for damage to apiaries, the presence of which they are unaware. The gist of the regulations, clearly, is to provide notice to the interested parties so that injury and damage can be minimized.

The regulations summarized above, and the statutes relied upon by the defendants, are fair and strike a reasonable balance between the respective agricultural interests involved. However, we believe they do not bar plaintiff's action. Here, the defendants engaged in pest control knowing of the presence of the apiaries. The primary function of the statutes and regulations cited, to furnish *notice* to apiarists and pest control operators, had been accomplished. The defendants had notice, admitted they were aware of the presence of the apiaries, yet proceeded to apply parathion without notifying the beekeepers and without regard for the welfare of the apiaries. We believe that section 279.25 was not intended as an unwarranted shield for the avoidance of a just duty of care, which is the purpose for which defendants seek to employ it. (Cf. *Epstein* v. *Stahl* (1959) 176 Cal.App.2d 53, 62-63 [1 Cal.Rptr. 143], and *Norwood* v. *Judd* (1949) 93 Cal.App.2d 276, 288-289 [209 P.2d 24].)

This is an appropriate case for the application of the well settled rule of statutory construction: " '. . . Where the language of a statute is susceptible of two constructions, one of which, in application, will render it reasonable, fair and harmonious with its manifest purpose, and another which would be productive of absurd consequences, the former construction will be adopted. [Citation.] . . .' " (*Wilson* v. *Board of Retirement* (1959) 176 Cal.App.2d 320, 324 [1 Cal.Rptr. 373].) An application of the statutes and regulations under scrutiny which will permit plaintiff to pursue his litigation under the circumstances alleged, is reasonable, fair and har-

with Section 29121 of the Agricultural Code shall, however, be effective for purposes of this section upon receipt and processing by the commissioner.

"(d) The request for notification pursuant to paragraph (b) shall be effective until the following October 31, if there has been no subsequent report of relocation."

monious with the manifest purpose of such statutes and regulations viewed as a whole.

### III

In conclusion, we reiterate the often used precept that the function of this court, on an appeal from a summary judgment, is to determine whether any facts have been presented which give rise to a triable issue of fact. We do not determine the true facts in the case. (*R. D. Reeder Lathing Co.* v. *Allen* (1967) 66 Cal.2d 373, 376 [57 Cal.Rptr. 841, 425 P.2d 785].) We conclude merely that plaintiff's claims are not barred by Agriculture Code section 279.25, and that the remaining issues deserve a trial, not summary disposition.

The judgment is reversed.

Richardson, P. J., and Janes, J., concurred.

A petition for a rehearing was denied April 5, 1972.