[Civ. No. 18147. Third Dist. Feb. 6, 1980.]

GARY D. HOLDEN, Plaintiff and Appellant, v.
JOSEPH E. CHUNESTUDEY, Defendant and Respondent.

COUNSEL

Burke & Kessler, Bruce T. H. Burke and Hurd, Meyer & Mitchell for Plaintiff and Appellant.

McCaslin & Wells and Leon McCaslin for Defendant and Respondent.

OPINION

**BLEASE, J.**—Plaintiff, Gary D. Holden, appeals from the summary judgment granted to defendant, Joseph E. Chunestudey, in plaintiff's personal injury action.

The issue on appeal is whether the fireman's rule, which under *Walters v. Sloan* (1977) 20 Cal.3d 199 [142 Cal.Rptr. 152, 571 P.2d 609] precludes recovery by a policeman for injuries proximately caused by the negligent conduct of someone within the scope of the policeman's investigational or other duties, extends to willful or wanton misconduct. We so hold.

## I

For purposes of this appeal the relevant facts on review of the summary judgment are not in dispute. (*Hall* v. *C & A Navarra Ranch, Inc.* (1972) 24 Cal.App.3d 774, 779 [101 Cal.Rptr. 249].) Plaintiff was employed as a patrolman by the Auburn Police Department. While on duty early on the morning of May 21, 1976, he was called to investigate an accident in which a truck driven by defendant left the freeway and hit a tree, killing defendant's passenger, and came to rest on the bushy side of a hill. In negotiating the hill near the scene of the accident, plaintiff fell and injured his back and tailbone. Evidence produced on the motion for summary judgment, including the defendant's blood alcohol content, showed the defendant to be under the influence of intoxicating beverages. Plaintiff filed suit alleging that defendant's conduct was wanton and willful and proximately caused his injuries.

■ For purposes of this appeal, we assume that the defendant's conduct was willful or wanton (*Taylor* v. *Superior Court* (1979) 24 Cal.3d 890, 896-899 [157 Cal.Rptr. 693, 598 P.2d 854]) and that the conduct was the proximate cause of plaintiff's injuries.

## II

In *Walters* v. *Sloan, supra*, 20 Cal.3d 199, the California Supreme Court applied the fireman's rule to police officers. "The fireman's rule provides that negligence in causing a fire furnishes no basis for liability to a professional fireman injured fighting the fire. Firemen, 'whose occupation by its very nature exposes them to particular risks of harm, "'cannot complain of negligence in the creation of the very occasion for [their] engagement.'" [Citation.] While denominated the fireman's rule, the rule is applicable to policemen as well. [Citation.]" (Fn. omitted.) (*Id.*, at p. 202.) "[A policeman] has voluntarily confronted the risk for compensation, and public policy requires that he look elsewhere to be compensated for any harm sustained in the fulfillment of his duties...." (*Ginter* v. *Collins* (1979) 99 Cal.App.3d 537, 540 [160 Cal.Rptr. 399].)

The policy justifications for the fireman's rule in negligence cases set forth in *Walters* require application of the rule to willful or wanton misconduct.

Firemen and policemen fall within fundamental tort principles which prevent a person from recovering for injury due to a knowingly and voluntarily encountered hazard. (*Walters* v. *Sloan, supra*, 20 Cal.3d at p. 204.) This rationale applies to willful or wanton misconduct as well as to negligence.

Second, police officers """"cannot complain of negligence in the creation of the very occasion for [their] engagement."" [Citation.]"" (*Id.*, at p. 205.) Similarly, they may not complain of willful or wanton misconduct for they are employed to deal with behavior made the subject of their duties, whether it arises as a result of someone's careful behavior, negligence, or willful or wanton misconduct.

Third, firemen and policemen receive special benefits and pay because of the dangers they encounter. (*Id.*, at pp. 205-206.) The added compensation is not limited to injury from negligent conduct.

Last, *Walters* expressed concern that abolishing the fireman's rule would burden the courts with litigation. That concern would not be much mitigated by limiting the rule to negligence cases both because of the potential number of wanton or willful cases and because we can anticipate litigation plumbing the line between negligence and willful or wanton misconduct.

Although revision of the rule to reflect modern tort concepts has been convincingly recommended (Note, *Negligence Actions by Police Officers and Firefighters: A Need for a Professional Rescuers Rule* (1978) 66 Cal.L.Rev. 585, 598-609), we consider ourselves bound by the policy considerations set forth in *Walters* and decline to undertake a revision of the rule; accordingly, we apply the principles enunciated in *Walters* to willful or wanton misconduct.[1]

## III

Plaintiff argues also that he made a prima facie showing of negligence against defendant and that there is no rule of law which would immunize defendant from liability to an injured rescuer.

---

[1]We do not deal in this case with intentional conduct and hence do not determine whether such conduct would permit a public safety officer to bring a cause of action for personal injuries occasioned thereby.

Plaintiff relies upon *Solgaard* v. *Guy F. Atkinson Co.* (1971) 6 Cal.3d 361 [99 Cal.Rptr. 29, 491 P.2d 821], which allowed a doctor who had agreed to provide necessary medical care to employees injured at defendant's construction site to recover for back injuries received while rendering medical aid to two injured employees. The court refused to apply the fireman's rule, stating that although the doctor agreed to render medical aid, he did not agree to cope with steep, slippery embankments, which constituted a risk not inherent in the performance of his services. (*Id.*, at pp. 368-369.)

Plaintiff may not claim the benefit of the rescue doctrine. As one commentary has noted: "Most of the dangerous situations which police officers and firefighters are hired to remedy would be appropriate for the application of the rescue doctrine absent the professional status of the rescuer....[¶] There is no need to offer the tort recovery as an incentive to encourage professional rescuers to rescue, since they are already contractually bound to do so. The extreme economic hardship of uncompensated injuries is also absent in rescues by professionals since the burden is widely distributed through compensation insurance. For these reasons, police officers and firefighters should have no cause of action based on the rescue doctrine." (Fn. omitted.) (Note, *Negligence Actions by Police Officers and Firefighters: A Need for a Professional Rescuers Rule, supra*, 66 Cal.L.Rev. at pp. 593-594.)

Since we are bound by the Supreme Court's affirmation of the fireman's rule, we decline to allow plaintiff to recover on the basis of the rescue doctrine, which is doctrinally inconsistent with the fireman's rule.

The judgment is affirmed.

Regan, Acting P. J., and Janes, J.,* concurred.

A petition for a rehearing was denied March 4, 1980, and appellant's petition for a hearing by the Supreme Court was denied April 17, 1980.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.