[Civ. No. 49359. First Dist., Div. Two. Dec. 24, 1980.]

BAY AREA RAPID TRANSIT DISTRICT, Petitioner, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
GERALDING M. ELLIOTT et al., Real Parties in Interest.

**COUNSEL**

Sedgwick, Detert, Moran & Arnold, Stephen W. Jones and Scott Conley for Petitioner.

No appearance for Respondent.

R. Lewis Van Blois, Hinton & Van Blois, Robert D. Barbagelata, Barbagelata, Carmazzi, Del Bino & Renati, Jeffrey Sykes, Davis, Cowell & Bowe, Naphan, Glassford & Sykes, Joseph P. McMonigle and Long & Levit for Real Parties in Interest.

**OPINION**

**MILLER, J.**—Petitioner, Bay Area Rapid Transit District, a public entity established under Public Utilities Code section 28500 et seq. (hereafter BART), seeks a writ of mandate to compel respondent superior court to set aside orders overruling BART's demurrers in three separate actions pending in respondent court. BART contends that the fireman's rule is a bar to the causes of action stated.[1]

---

[1]By directing the issuance of an alternative writ of mandate to be heard before this court, the Supreme Court necessarily determined that there is no adequate remedy in the ordinary course of law and that this case is a proper one for the exercise of original jurisdiction. (5 Witkin, Cal. Procedure (2d ed. 1971) p. 3870.)

BART is a defendant in actions filed by real parties, firemen employed by the City of Oakland, who were called to fight a fire which occurred on January 17, 1979, in a BART car located in the tube which runs under the bay between San Francisco and Oakland. The fire occurred when a portion of an undercarriage of the train contacted the third rail, causing a short circuit and a subsequent ignition of flammable material in a BART car. It is alleged that as a result of the negligence and wanton and reckless misconduct of BART in causing the fire, one fireman died and the other firemen sustained injuries. BART demurred to the complaints on the ground that the fireman's rule was a bar to all of the causes of action.[2]

In *Walters* v. *Sloan* (1977) 20 Cal.3d 199 [142 Cal.Rptr. 152, 571 P.2d 609], the Supreme Court reaffirmed the venerable fireman's rule, born almost a century ago, which has earned almost unanimous acceptance. "The fireman's rule provides that negligence in causing a fire furnishes no basis for liability to a professional fireman injured fighting the fire. Firemen, 'whose occupation by its very nature exposes them to particular risks of harm, "cannot complain of negligence in the creation of the very occasion for [their] engagement."'" [Citation.] While denominated the fireman's rule, the rule is applicable to policemen as well. [Citation.]" (*Walters* v. *Sloan, supra*, p. 202.)

"...[T]he fireman's rule is based on [the] principle [that]...one who has knowingly and voluntarily confronted a hazard cannot recover for injuries sustained thereby....

"A second reason underlying the fireman's rule...is a modern one of public policy, adopted by progressive courts and based on fundamental concepts of justice.... [F]iremen '"cannot complain of negligence in the creation of the very occasion for [their] engagement."' [Citation.]'" (*Walters* v. *Sloan, supra*, pp. 204-205.)

The *Walters* court quoted, at page 205, from the opinion of former Chief Justice Weintraub of the Supreme Court of New Jersey in *Krauth* v. *Geller* (1960) 31 N.J. 270 [157 A.2d 129, 130-131], as follows: "The question is ultimately one of public policy, and the answer

---

[2]The three actions, which involve injuries to 29 individual firemen, 1 of whom died, are: Cecil et al. v. BART et al., Alameda Superior Court No. 527625-9, Beckman et al. v. BART et al., Alameda Superior Court No. 525321-6, and Elliott et al. v. BART et al., Alameda Superior Court No. 528454-4.

must be distilled from the relevant factors involved upon an inquiry into what is fair and just.... [¶] [I]t is the fireman's business to deal with that very hazard [the fire] and hence, perhaps by analogy to the contractor engaged as an expert to remedy dangerous situations, he cannot complain of negligence in the creation of the very occasion for his engagement. In terms of duty, it may be said there is none owed the fireman to exercise care so as not to require the special services for which he is trained and paid. Probably most fires are attributable to negligence, and in the final analysis the policy decision is that it would be too burdensome to charge all who carelessly cause or fail to prevent fires with the injuries suffered by the expert retained with public funds to deal with those inevitable, although negligently created, occurrences. Hence, for that risk the fireman should receive appropriate compensation from the public he serves, both in pay which reflects the hazard and in workmen's compensation benefits for the consequences of the inherent risks of the calling."

The *Walters* court also noted that: "...abolition of the fireman's rule would burden our courts with litigation among the employer public agency, the retirement system, and the negligence insurer. Whether the employee is ultimately compensated with money derived from taxes or from insurance, the public pays the bill." (20 Cal.3d at p. 206.)

In *Holden* v. *Chunestudey* (1980) 101 Cal.App.3d 959 [161 Cal. Rptr. 925], the rule was applied to prevent recovery to a police officer injured while investigating the scene of an accident caused by a drunken driver. The court concluded that the rule was applicable to willful or wanton misconduct as well as to negligence, as follows: "Firemen and policemen fall within fundamental tort principles which prevent a person from recovering for injury due to a knowingly and voluntarily encountered hazard. [Citation.] *This rationale applies to willful or wanton misconduct as well as to negligence.*

"Second, police officers ""cannot complain of negligence in the creation of the very occasion for [their] engagement."' [Citation.]"' ...Similarly, they may not complain of willful or wanton misconduct for they are employed to deal with behavior made the subject of their duties, whether it arises as a result of someone's careful behavior, negligence, or willful or wanton misconduct.

"Third, firemen and policemen receive special benefits and pay because of the dangers they encounter. . . . The added compensation is not limited to injury from negligent conduct.

"Last, *Walters* expressed concern that abolishing the fireman's rule would burden the courts with litigation. That concern would not be much mitigated by limiting the rule to negligence cases both because of the potential number of wanton or willful cases and because we can anticipate litigation plumbing the line between negligence and willful or wanton misconduct.

"Although revision of the rule to reflect modern tort concepts has been convincingly recommended . . . we consider ourselves bound by the policy considerations set forth in *Walters* and decline to undertake a revision of the rule; accordingly, *we apply the principles enunciated in Walters to willful or wanton misconduct.*" (*Holden* v. *Chunestudey, supra,* at p. 962, italics partially added; pet. for hg. den.; approved, *Hubbard* v. *Boelt* (1980) 28 Cal.3d 480 [169 Cal.Rptr. 706, 620 P.2d 156].)

■ The complaints concede that real parties were called into the tube to extinguish the fire, prevent damage to BART's property, and to rescue members of the public, all common and foreseeable firefighting activities. The complaints also allege that real parties' injuries were caused by the byproducts of the conflagration, namely, the smoke and fumes from the fire, which they inhaled. Under these circumstances, the fireman's rule is squarely applicable. Allegations that the injuries might have been averted or lessened had ventilation systems, communication systems, or rescue apparatus functioned properly, do not take the case out of the fireman's rule. We conclude that for the policy reasons stated in *Walters* and for the further reasons stated in *Holden,* the fireman's rule applies in these cases to bar the causes of action against BART.

In light of our conclusion, we need not discuss BART's further argument that as a public entity it can be liable only for statutory violations and that allegations of negligence or reckless conduct against it are ineffective.

Let a peremptory writ of mandate issue commanding respondent court to set aside its orders of February 13, 1980, overruling BART's demurrers to the Cecil and Elliott complaints and its order of March

26, 1980, overruling BART's demurrer to the Beckman complaint, and to proceed in conformance with this opinion.

Taylor, P. J., and Rouse, J., concurred.

A petition for a rehearing was denied January 23, 1981, and the petition of real parties in interest for a hearing by the Supreme Court was denied March 11, 1981.