[Civ. No. 25024. Fourth Dist., Div. Two. Dec. 7, 1981.]

MICHAEL JOHN MALO, Plaintiff and Respondent, v.
RAY EUGENE WILLIS, Defendant and Appellant.

THE STATE OF CALIFORNIA, Plaintiff and Respondent, v.
RAY EUGENE WILLIS, Defendant and Appellant.

544

COUNSEL

Mac Lachlan, Burford & Arias and Clifford R. Cunningham for Defendant and Appellant.

Robinson, Robinson, Pike, Hahn & Philipson, John D. Rowell, James J. Vonk, Richard A. Krimen, Arthur Hershenson and Douglas Cramoline for Plaintiffs and Respondents.

OPINION

THE COURT.*—The issue presented by this appeal is whether a California highway patrolman's personal injury action is barred by the fireman's rule. After the motion of defendant Ray Eugene Willis for summary judgment was granted, plaintiffs Michael John Malo and the State of California moved for reconsideration. The trial court granted reconsideration, vacated a judgment entered while the reconsideration motion was pending, and denied the summary judgment motion. Defendant appeals.

Defendant's moving papers included the deposition testimony of plaintiff Malo, from which the following factual statement is derived.

On November 4, 1976, Malo was employed as an officer of the California Highway Patrol. At 4:50 p.m., while on active duty in a marked patrol car, Malo was proceeding southbound on Interstate 15 just north of Baker when he decided to stop two automobiles for exceeding the speed limit. He pulled alongside one vehicle, driven by defendant Willis, turned his red lights on, and motioned for Willis to pull over. Malo then moved up behind the second vehicle and motioned to its driver to pull over also. All three vehicles moved off the roadway onto the paved shoulder, with Officer Malo's patrol car between the other two vehicles. Malo had stopped the patrol car, turned off the ignition key, and set the emergency brake when his vehicle was struck from behind by the vehicle driven by defendant Willis. The Willis vehicle was traveling about 10 miles per hour at the point of impact and neither vehicle was significantly damaged. Willis told Malo he was not accustomed to driving a car with a manual transmission and had pressed on the clutch pedal instead of the brake pedal.

Malo apparently suffered a serious "whiplash" injury as a result of the collision, for which he received workers' compensation benefits from plaintiff State of California. Malo filed a personal injury action against Willis and the state filed a separate action against Willis to recover the

*Before Gardner, P. J., Morris, J., and Tamura, J.†

†Assigned by the Chairperson of the Judicial Council.

cost of benefits paid to Malo.[1] After the two actions were consolidated, defendant Willis moved for summary judgment, arguing that the actions were barred by the fireman's rule. The trial court initially agreed and granted the motion. Plaintiff Malo filed a motion to reconsider the ruling (Code Civ. Proc., § 1008) and to vacate the judgment on grounds of excusable neglect (Code Civ. Proc., § 473). In fact, the judgment was not signed or entered until the day after the notice of motion was filed. The state subsequently joined in the motion to vacate the judgment. ■ ■■■ Stating that further consideration of the relevant case law had persuaded him that the earlier ruling was erroneous, the trial judge granted the motion to reconsider, vacated the judgment, and denied the motion for summary judgment.[2]

On this appeal, defendant contends that the court's initial ruling granting summary judgment was correct because plaintiffs' action is barred by the fireman's rule.

■ The fireman's rule is a special rule of tort law providing "that negligence in causing a fire furnishes no basis for liability to a professional fireman injured fighting the fire." (*Walters* v. *Sloan* (1977) 20 Cal.3d 199, 202 [142 Cal.Rptr. 152, 571 P.2d 609].) In California, the rule has been extended to include actions by firefighters injured while engaged in other hazardous activities common to their employment (see *Scott* v. *E. L. Yeager Constr. Co.* (1970) 12 Cal.App.3d 1190, 1195 [91 Cal.Rptr. 232]), and also to actions by police officers to recover damages for personal injuries received in the course of performing their duties (see *Walters* v. *Sloan, supra*, at p. 202).

As explained by our Supreme Court, the fireman's rule is a particular application of the old but much diminished assumption of the risk doctrine, made more palatable by the existence of special compensation provisions for injured firefighters and police officers. In its most recent pronouncement, the court stated that the fireman's rule "is based upon

---

[1]Neither complaint is part of the appellate record.

[2]Neither plaintiff has questioned the appealability of the court's ruling. Inasmuch as the net effect of the whole procedure was. simply the denial of a summary judgment motion, the issue of appealability should not be entirely ignored. After studying the matter, we have concluded that plaintiffs' motion should be construed as a new trial motion rather than a motion to vacate or a motion to reconsider. (See *Green* v. *Del-Camp Investments, Inc.* (1961) 193 Cal.App.2d 479, 481 [14 Cal.Rptr. 420].) Thus the order is appealable. (Code Civ. Proc., § 904.1, subd. (d).) Although this procedure is capable of being abused to manufacture appealability, there is no suggestion of any impropriety here.

(1) the traditional principle that 'one who has knowingly and voluntarily confronted a hazard cannot recover for injuries sustained thereby,' [citation], and (2) a public policy to preclude tort recovery by firemen or policemen who are presumably adequately compensated (in special salary, retirement, and disability benefits) for undertaking their hazardous work [citation]." (*Hubbard* v. *Boelt* (1980) 28 Cal.3d 480, 484 [169 Cal.Rptr. 706, 620 P.2d 156].)

When the rule is sought to be applied to situations other than the prototypal one of firefighting, difficulties are encountered in defining its scope. In a case where it was contended that a firefighter was injured by an explosion rather than a fire, we proposed the following definition of the fireman's rule in terms which provide a litmus test for its application: "... we are persuaded that a proper statement of the rule is that where the defendant's negligence, whether active or passive, creates an apparent risk, which is of the type usually dealt with by firemen, and which is the cause of the fireman's presence, and which is the direct cause of the fireman's injury, the defendant is not liable to the fireman." (*Scott* v. *E. L. Yeager Constr. Co., supra,* 12 Cal.App.3d 1190, 1198-1199.)

The requirement that the risk be "of the type usually dealt with by firemen," which we may call the special or typical risk requirement, is inherent in the public policy rationale limiting application of the rule to professional fire and crime fighters. The rule exists because of the peculiar nature of the risks encountered by and the special training given to these public employees. There would be no point in applying the rule to injuries resulting from risks faced in common by all members of the public, or a significant percentage thereof, as to which no special training had been received. Opinions of our Supreme Court contain several references to the typical or special risk requirement. (E.g., *Hubbard* v. *Boelt, supra,* 28 Cal.3d 480, 484 ["... it is the business of a fireman or policeman to deal with particular hazards" and "a hazard for which he is specifically compensated"]; *Walters* v. *Sloan, supra,* 20 Cal.3d 199, 205 ["special services for which he is trained and paid" and "hazards of their professions"].)

The requirements that the risk be obvious or apparent and that it be the cause of the plaintiff's presence at the accident scene are both derived from the rule's assumption of the risk rationale, which has figured prominently in the opinions of our Supreme Court. (*Hubbard* v. *Boelt, supra,* 28 Cal.3d 480, 484 ["voluntarily confronts a hazard"]; *Walters*

v. *Sloan, supra*, 20 Cal.3d 199, 204 ["one who has knowingly and voluntarily confronted a hazard"].)

The requirement that the risk created by the negligence of the defendant, which the plaintiff has undertaken to deal with, be "the direct cause of the fireman's injury" is unfortunately worded. It would be more correct to speak of "*a* cause" rather than "*the* cause" because events generally have multiple causes.[3] Also, the term "direct cause" has no special significance but should instead be understood as synonymous with "proximate cause."

In the present case, defendant Willis was driving in excess of the speed limit and Officer Malo was in the process of citing him for this infraction when the accident occurred. Risks normally associated with apprehending speeders are typical of those encountered by patrol officers and they are risks for which the officer receives special training. An officer who decides to cite a speeding motorist voluntarily chooses to encounter the risks normally associated with that activity. Officer Malo's injury, however, was not caused by a risk typical of the activity of apprehending speeders. The risk did not result from the negligent act of speeding but from the entirely separate and independent act of driving an unfamiliar vehicle. The risk created by this separate act of negligence was not apparent to Malo nor was it a reason for Malo's presence at the accident scene.

In *Hubbard* v. *Boelt, supra*, 28 Cal.3d 480, an officer chasing a fleeing motorist was injured when his patrol car crashed while the officer was attempting to avoid the wreckage of a collision between the vehicle of the fleeing motorist and the vehicle of an innocent third party. The officer contended that "the fireman's rule should not apply to the present case, because his injuries were, not caused by defendant's original act of speeding, but by his subsequent act of accelerating to avoid capture, thus resisting arrest at high speeds. Plaintiff asserts that the fireman's rule was not intended to bar recovery for independent acts of

---

[3]"It should be quite obvious that, once events are set in motion, there is, in terms of causation alone, no place to stop. The event without millions of causes is simply inconceivable; and causation alone can provide no clue of any kind to singling out those which are to be held legally responsible. It is for this reason that instructions to the jury that they must find the defendant's conduct to be 'the sole cause,' or 'the dominant cause,' or 'the proximate cause' of the injury are rightly condemned as misleading error." (Prosser, Law of Torts (4th ed. 1971) p. 239.)

This quibble applies equally to the requirement that the risk be "the cause of the fireman's presence."

misconduct which were not the cause of the plaintiff's presence at the accident scene. [Citation.] We have confirmed the validity of this principle in the abstract.... In the present case, however, no such independent act occurred. Plaintiff was injured while pursuing a speeding traffic violator, and in discharge of his official duty incurred the very risk which occasioned his presence at the accident scene." (*Hubbard* v. *Boelt, supra,* at pp. 486-487.)

Defendant contends that this passage supports his position but we disagree. The court did not repudiate the "independent act" exception or cast doubt on its continuing validity; the court merely held that the officer's injuries were not the result of an independent act. The motorist's decision to flee was a result of the officer's attempt to cite him for speeding. The officer pursued at high speed, a dangerous activity for which he was specially trained and which he voluntarily chose to undertake. Had the officer not been engaged in a high speed chase, he might have avoided the debris on the road without injury. In short, the facts of *Hubbard* are clearly distinguishable from the facts before us. The two negligent acts of Willis are truly independent and, as we have seen, the hazard which resulted in Malo's injury was not apparent nor was it a cause for Malo's presence.

We conclude that defendant failed to carry his burden of establishing a complete defense under the fireman's rule and consequently the denial of his summary judgment motion was correct.

The order appealed from is affirmed.

Appellant's petition for a hearing by the Supreme Court was denied February 17, 1982.