[Civ. No. 49161. First Dist., Div. Two. Sept. 15, 1982.]

ERIC JOSEPH SHAW, Plaintiff and Appellant, v.
TERRENCE PLUNKETT et al., Defendants and Respondents.

COUNSEL

W. David Walker and Hurd, Meyer & Mitchell for Plaintiff and Appellant.

Eliot R. Hudson and Kincaid, Gianunzio, Caudle & Hubert for Defendants and Respondents.

OPINION

GRODIN, P. J.—A police officer, in the process of arresting a prostitute in the parking lot of a motel, is struck and injured by an automobile driven by the prostitute's customer. The police officer sues, alleging in the alternative that the customer was guilty of negligence and intentional misconduct. Is he barred from recovery by the "fireman's rule" because the accident occurred in the line of duty? The trial court thought so, and granted summary judgment for the defendant. Aided by subsequently decided authority, we conclude the trial court was wrong.

Plaintiff is a police officer with the Oakland Police Department. At the time of the accident he was assigned to the vice squad, and under orders to arrest prostitutes in the MacArthur Boulevard area of Oakland. In the early morning hours of August 26, 1978, he and his partner, both in plain clothes and in an unmarked patrol car, observed the

activities of a suspected prostitute in the area of a motel, and moved in to arrest her. She was sitting in a vehicle which was parked at the motel. Plaintiff removed her from that vehicle, and placed her in the patrol car.

The driver of the vehicle in which the prostitute was sitting was Terrence Plunkett. At the time the officers approached, he was outside of the car, at the motel office. As plaintiff was placing the suspect in the patrol car, he heard an engine start and tires squeal. He turned around to see Plunkett's vehicle coming toward him. He attempted to get out of the way by diving over the Plunkett vehicle, but in the process his knee was struck. There was some subsequent maneuvering of the vehicle back and forth before Plunkett was finally arrested.

### Discussion

◼ The fireman's rule was first applied in California to preclude recovery by firefighters for injuries sustained in fighting a fire which they claimed was the product of defendant's passive negligence. (*Giorgi* v. *Pacific Gas & Elec. Co.* (1968) 266 Cal.App.2d 355, 360 [72 Cal.Rptr. 119].) In *Scott* v. *E. L. Yeager Constr. Co.* (1970) 12 Cal.App.3d 1190 [91 Cal.Rptr. 232], the rule was held applicable to a situation in which the defendant's active negligence caused the fire. In *Walters* v. *Sloan* (1977) 20 Cal.3d 199 [142 Cal.Rptr. 152, 571 P.2d 609], the Supreme Court indorsed the rule and approved its application to a policeman who was injured while attempting to arrest an intoxicated and disruptive minor at a party at defendant's residence. And in *Hubbard* v. *Boelt* (1980) 28 Cal.3d 480 [169 Cal.Rptr. 706, 620 P.2d 156], the Supreme Court held that a police officer could not recover for injuries suffered during a high speed chase of a reckless offender. While upholding the application of the fireman's rule to that case, the court in *Hubbard* confirmed the principle, also established in prior cases, that "the fireman's rule was not intended to bar recovery for independent acts of misconduct which were not the cause of the plaintiff's presence at the accident scene." (*Id.*, at p. 486.)

In three cases decided after *Hubbard,* and after the court's judgment in this matter, the Court of Appeal applied the limitation which *Hubbard* confirmed. In *Malo* v. *Willis* (1981) 126 Cal.App.3d 543 [178 Cal.Rptr. 774], a highway patrolman was injured when a car which he had pulled over for speeding struck his vehicle from behind. Apparently, the driver was not accustomed to driving a car with manual trans-

mission and had pressed on the clutch pedal instead of the brake pedal. Holding that defendant had not established a complete defense under the fireman's rule, and that the denial of his summary judgment motion was proper, the court reasoned: "An officer who decides to cite a speeding motorist voluntarily chooses to encounter the risks normally associated with that activity. Officer Malo's injury, however, was not caused by a risk typical of the activity of apprehending speeders. The risk did not result from the negligent act of speeding but from the entirely separate and independent act of driving an unfamiliar vehicle. The risk created by this separate act of negligence was not apparent to Malo nor was it a reason for Malo's presence at the accident scene." (*Id.*, at p. 548.)

*Spargur* v. *Park* (1982) 128 Cal.App.3d 469 [180 Cal.Rptr. 257] involved a similar situation: a motorcycle officer stopped the defendant for speeding, pulled over in front of the defendant's car, and was hit from the rear. In holding that summary judgment for the defendant on the basis of the fireman's rule was improper, the court reasoned that the defendant in effect occupied a dual role, as the person who initially created the risk and as the person who, separately and independently, committed a tort. "In this second role, the further act of respondent is like the act of a third person who, for example, comes upon the scene where the police officer may be investigating and physically strikes him with a car or a bullet. . . . [¶] The liability of the third person who does not create the original hazard or who does not cause the officer to be present or called to the scene but whose independent tort act injures has not been judicially eliminated by the fireman's rule. . . . One of the situations where . . . recovery against a tortfeasor is not barred is where the injury is caused by a separate, independent act of either a third person or of the person creating the original circumstance to which the police officer is called." (*Id.*, at pp. 474-475.)

In *Krueger* v. *City of Anaheim* (1982) 130 Cal.App.3d 166 [181 Cal.Rptr. 631], it was held that the fireman's rule did not preclude recovery for injuries allegedly sustained by a baseball stadium guard while seeking to eject a disorderly spectator from the premises. The court relied upon the distinction, which it considered to be "readily apparent" from the case law, "between the kind of conduct which brings the fireman or policeman to the scene in the first instance and the injury suffered by the officer from independent causes which may follow." (130 Cal.App.3d at p. 170.) And, it reasoned that "[t]he assumption of risk which the officer must face based on the public policy

circumscribed in *Walters* v. *Sloan* . . . was not intended to be so all inclusive as to encompass intentional torts directed against the fireman or officer while trying to perform his duties after he has been called to the scene of a law violator." (*Ibid.*)

Finally, and most recently, the Supreme Court itself has clarified the limited scope of the fireman's rule. In *Lipson* v. *Superior Court* (1982) 31 Cal.3d 362 [182 Cal.Rptr. 629, 644 P.2d 822], the court held that the rule does not preclude a fireman from recovering damages from a party whose negligent or intentional misrepresentation of the nature of an emergency at a chemical manufacturing plant proximately caused the injury. The court stated: "The rule has *only* been applied to prohibit a fireman from recovering for injuries caused by the very misconduct which created the risk which necessitated his presence." (*Id.*, at p. 369.) And it quoted with approval from *Malo* v. *Willis, supra*, 126 Cal.App. 3d 543, citing that case as an example of the proposition "that where a police officer's injuries are proximately caused by tortious conduct other than that which necessitated the officer's presence, the fireman's rule does not bar recovery." (31 Cal.3d at p. 369.)

Here, it is apparent that the police officer's injuries were not proximately caused by conduct which necessitated his presence in the parking lot of the motel. The decision of the trial court must, therefore, be reversed.

Reversed.

Miller, J., and Arne, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.