## CIRCUIT COURT OF FAIRFAX COUNTY

Benefiel

v.

Walker and
Nationwide Ins. Co.

July 24, 1991

Case No. (Law) 99498

By JUDGE JACK B. STEVENS

This matter has been under advisement by the Court to consider Defendants Walker and Nationwide Insurance Company's Motions for Summary Judgment. The Court has reviewed the arguments of counsel and the principal cases cited by both sides, and for the reasons that follow, the Court grants the Motion for Summary Judgment.

The facts of the case are that at approximately 11:45 a.m., on September 6, 1988, the plaintiff, Officer Benefiel, was on duty as a uniformed police officer, issuing a traffic summons, when his patrol car was hit from behind by the defendant. Prior to the accident, Officer Benefiel had observed a motorist make an illegal "U" turn. He stopped the motorist by activating his emergency equipment; the motorist stopping her vehicle in the extreme right lane of westbound Route 7, against the curb, there being no shoulder. After speaking with the motorist about the infraction, Officer Benefiel returned to his patrol car and began writing out a traffic summons. While seated in his patrol car, which was still in the extreme right hand lane of the street, he was struck from behind by the defendant's vehicle.

Officer Benefiel has sued the defendant charging ordinary negligence. The defendants have moved for summary

judgment based on the "Fireman's Rule" asserting that the plaintiff, a Fairfax County police officer, may not recover for injuries caused by simple negligence encountered in the normal scope of his employment. Officer Benefiel argues that this case is not barred by the Fireman's Rule because of an exception to the rule for independent negligent acts of third-parties, an exception not yet specifically addressed by the Virginia Supreme Court, but recognized in a number of other jurisdictions.

Virginia's Fireman's Rule is simply a version of the assumption of the risk doctrine, tailored to cases involving public servants such as firemen, police officers and rescue squad workers. In determining its applicability, the Virginia Supreme Court has focused on the *inherent risks of the job* and *foreseeability*. In 1987, the Court explained the rule as follows:

> Under the "fireman's rule," such officers are held, as a matter of law, to assume the risks of injury occasioned by ordinary negligence *inherently involved in the normal pursuit of their duties* . . . .

*Commonwealth v. Millsaps*, 232 Va. 502, 509-510, 352 S.E.2d 311, 315 (1987) (emphasis added) (citations omitted).

A year later, in *Philip Morris, Inc. v. Emerson*, 235 Va. 380, 368 S.E.2d 268 (1988), the Court further explained that while injuries arising from "usual risks" inherently involved in the job are barred by the rule, that injuries from risks that are not *foreseeable* or usual risks of the job are not barred by the rule. 235 Va. at 405, 368 S.E.2d at 282-83 (1988). To date, the Court has identified only three instances where Virginia allows deviations from the rule:

(1) Instances where a defendant's negligence creates an undue risk to an officer;

(2) Instances where a defendant's conduct is willful and wanton; and

(3) Instances where the rescue doctrine applies.

*Millsaps*, at 510, 352 S.E.2d 311 at 315.

At the time of the accident, the plaintiff was performing one of the normal duties of his job as a police officer, issuing a traffic summons. In so doing, he parked his car

in a traveled lane of traffic, which he was privileged to do *only* by virtue of his employment. *See* §§ 46.2-888 and 46.2-920 Va. Code Ann. (1950). An inherent and foreseeable risk of performing any duty which requires an officer to stop his car in a traveled lane of traffic is that it will be hit from behind by another motorist. Since the injury was caused by risk which was foreseeable and inherently involved in the normal pursuit of the plaintiff's duties, and because none of the previously adopted exceptions to the Fireman's Rule apply to this case, the Court finds that, absent adoption of the independent negligent act exception, the Fireman's Rule bars recovery in this case.

Unlike Virginia, jurisdictions which have adopted the independent negligent act exception to the Fireman's Rule have also carefully articulated that their version of the Fireman's Rule was never intended to protect acts by anyone who was *not* the cause for the fireman/police officer being called to the scene. *See Malo v. Willis*, 126 Cal. App. 3d 543, 548, 178 Cal. Rptr. 774, 777 (1982), *citing Scott v. Yeager*, 12 Cal. App. 3d 1190, 1200, 91 Cal. Rptr. 232, 238 (1970) (stating that where a defendant's negligence creates a risk which is the type usually dealt with by firemen, and *which is the cause of the fireman's presence*, and which is the direct cause of the fireman's injury, the defendant is not liable to the fireman); *see also Lipson v. Superior Court of Orange County*, 31 Cal. 3d 362, 370, 644 P.2d 822, 182 Cal. Rptr. 629, 633 (1982) (stating that the Fireman's Rule was never intended to bar recovery for the independent acts of misconduct *which were not the cause of the officer's presence* at the accident scene); *accord, Trainor v. Santana*, 86 N.J. 403, 432 A.2d 22, 25 (1981); *Berko v. Freda*, 93 N.J. 81, 459 A.2d 663, 665 (1983); *Pottenbaum v. Hinds*, 347 N.W.2d 642, 646 (Iowa 1984); *Garcia v. City of South Tucson*, 131 Ariz. 315, 640 P.2d 1117, 1120 (1982).

In jurisdictions with this general understanding of the Fireman's Rule, it is not surprising that the negligent act of any third party would be an exception to the rule. The Virginia Supreme Court's articulation of the Fireman's rule has never indicated such an interpretation. Instead, it has focused on assumption of the *inherent risks of the job* and *foreseeability*, regardless of what brought the officer to the scene originally. *Mill-*

*saps*, 232 Va. 502, 509-510, 352 S.E.2d 311, 315; *Philip Morris*, 253 Va. 380, 405, 368 S.E.2d 268, 281-82.

Accordingly, this Court declines to adopt the independent negligent act exception to the Fireman's Rule as urged by the plaintiff for three reasons:

(1) The Virginia Supreme Court has never given an indication that the proposed exception would be adopted and/or applied in Virginia in the way that it has been done in other jurisdictions;

(2) In applying the Fireman's Rule, the Virginia Supreme Court has focused on inherent risks of the job and foreseeability, rather than the cause that brought the officer to the scene; and

(3) Many of the injuries to officers encompassed by this exception would be compensable in Virginia even without the exception, because they are caused by risks which were not inherent risks of the job or were not foreseeable.