## CIRCUIT COURT OF FAIRFAX COUNTY

Kerns

v.

Krouse

September 9, 1992

Case No. (Law) 107373

BY JUDGE MICHAEL P. MCWEENY

This matter is before the Court on defendant's Demurrer and/or Motion for Summary Judgment and on Plaintiff's Motion for Leave to Amend the Motion for Judgment which was argued over objections made by defendant. Upon careful consideration of the memoranda of legal arguments and authorities submitted, this Court sustains the demurrer, denies summary judgment, and grants the plaintiff fourteen days from the date of this opinion to amend the Motion for Judgment with facts supporting rescue and willful and wanton conduct.

This action arises out of a claim for personal injuries sustained by the plaintiff, a Fairfax County Police Officer, while he was on-duty and executing a search warrant at the defendant's residence. The basic facts of the case are these. The plaintiff along with several other officers was called to the defendant's home for the purpose of executing a search warrant. The defendant was not at home at the time. Shortly thereafter, the defendant arrived home, saw the search in progress, and attempted to drive away again. His car was quickly blocked-in by an officer driving a police cruiser. The defendant was arrested and taken into custody. Unfortunately, the defendant failed to properly secure the brake on his vehicle before exiting it, and as a result, the car began to roll unattended. Noticing the rolling car, the plaintiff jumped into the car to stop it. In doing so, he received the injuries which are the basis of this suit.

The Motion for Judgment alleges ordinary negligence and/or gross negligence by the defendant for failure to operate his vehicle in

a safe manner. The plaintiff maintains that the defendant's failure to set the brake before exiting the car was the actual and proximate cause of his injuries. It is to these allegations that the defendant demurs and moves for summary judgment on the grounds that the Fireman's Rule applies to bar the cause of action.

In Virginia, a police officer's right to recover for injuries arising out of his work is governed by the Fireman's Rule. The Fireman's Rule is well-established in Virginia and bars recovery by firemen, police officers, and other public servants for injuries arising out of risks that are foreseeable and inherent in the normal pursuit of the officer's duties. *See Commonwealth v. Millsaps*, 232 Va. 502, 509–10 (1987). The *Millsaps* Court explains that the rule "is based upon the officer's relationship with the public, from which arises his obligation to accept the usual risks inherent in his duties, *whether caused by negligence or not.*" *Id.* at 510 (emphasis added). Recently, this Court has narrowly interpreted the ruling in *Millsaps*. As pointed out by this Court in its decision in *Benefiel v. Walker*, 25 Va. Cir. 130 (1991), Virginia recognizes only three exceptions to the general Fireman's Rule:

> 1. Instances where a defendant's negligence creates undue risk to an officer;
> 2. Instances where a defendant's conduct is willful and wanton; and
> 3. Instances where the rescue doctrine applies.

*Benefiel*, at 131, citing *Millsaps*, at 510.

It should be noted that the Court does not find that the exception for independent acts of negligence, established in other jurisdictions, is applicable law in Virginia.

The Court now finds that this matter is controlled by the Fireman's Rule as stated in *Millsaps* such that the allegations of ordinary and/or gross negligence are not sufficient to support a cause of action for the injuries occurring in this case. Accordingly, the defendant's demurrer to the Motion for Judgment is sustained.

The defendant also moves for summary judgment based on the Fireman's Rule. The Court finds, however, that summary judgment at this stage is not appropriate. There are several material facts still in dispute in this matter, including but not necessarily limited to: which direction the car was rolling, whether there was a police officer in the path of the rolling car, and whether the defendant's act of exiting the car was volitional or not.

Finally, the Plaintiff moves for leave to amend the Motion for Judgment. This motion was argued before the Court, and additionally, defendant submitted a letter in opposition dated August 20, 1992. The Court finds that the arguments presented by defendant in that letter relate to potential defenses which may be raised in response to the Amended Motion for Judgment if filed. Therefore, the Court grants the Motion for Leave to Amend and gives the plaintiff fourteen days from the date of this opinion to file a new pleading. The proposed Amended Motion for Judgment previously submitted to the Court should be analyzed before it is formally filed to see that the facts as alleged will meet the requirements of Virginia Code § 8.01–271.1.