[No. A030374. First Dist., Div. Three. Aug. 14, 1987.]

GEORGE KELLY, Plaintiff and Appellant, v.
FARMERS INSURANCE EXCHANGE, Defendant and Respondent.

**COUNSEL**

Gwilliam & Ivary, Eric H. Ivary, De Goff & Sherman and Victoria J. De Goff for Plaintiff and Appellant.

James T. Wilson, Kathy L. Hymes and Crosby, Heafey, Roach & May for Defendant and Respondent.

## OPINION

**SCOTT, Acting P. J.**—This is an appeal from a summary judgment in favor of respondent Farmers Insurance Exchange (Farmers) in appellant George Kelly's action seeking damages for bad faith refusal to settle a claim for personal injuries caused by Farmers' insured. We reverse the judgment.

### STATEMENT OF THE CASE

This appeal is part of the aftermath of a 1977 accident which injured appellant Kelly. Our statement of the facts is drawn in part from another appeal which resulted from the same accident, *United Pacific-Reliance Ins. Companies* v. *Kelly* (1983) 140 Cal.App.3d 72, at page 74 [189 Cal.Rptr. 323]. Appellant was severely injured when he was struck by an automobile owned and driven by an unlicensed motorist, P. Megij. R. Hernandez, a passenger in the car, was giving driving lessons to Megij. When the accident occurred, appellant was standing near his own automobile loading tools into the back of his employer's truck. Appellant was crushed from the waist down. He sustained leg injuries which will require him to wear a brace for the rest of his life. As a result of his injuries, he incurred medical expenses in excess of $20,000 and lost wages of over $25,000.

Passenger Hernandez was insured by Farmers for liability arising out of her use of a nonowned vehicle, but the owner/driver, Megij, was uninsured. Appellant's own vehicle was insured by Allstate Insurance Company (Allstate); his employer's truck was insured by United Pacific-Reliance Insurance Companies (United). The Allstate and United policies each provided uninsured motorist coverage (UMC) of up to $15,000. Appellant filed claims with both Allstate and United. Pending the results of arbitration to determine which UMC policy was applicable, each company paid appellant $7,500. United was eventually determined to be liable for the full amount, and reimbursed Allstate. *(United Pacific-Reliance Ins. Companies* v. *Kelly, supra,* 140 Cal.App.3d at p. 74.)

In the meantime, appellant had also filed a claim against Hernandez and her carrier, Farmers, for the limits of her $25,000 policy. Farmers offered to settle for the policy limits on condition that both United and Allstate

release any claim or right of subrogation based on their UMC payments to appellant. Although Allstate did release its claim, appellant was unable to convince United to do so. On November 13, 1978, appellant demanded that Farmers settle for the policy limit despite United's refusal to release any subrogation claim. Farmers replied by letter that it would not make any payment, even a partial payment, without the release.

On January 3, 1979, appellant again demanded the policy limits in settlement. In response, Farmers filed an interpleader action to resolve the competing claims to the policy. United filed a cross-complaint against appellant, alleging that it was entitled by statute to recover from the proceeds of the Farmers policy all funds United paid to appellant through UMC. *(United Pacific-Reliance Ins. Companies* v. *Kelly, supra,* 140 Cal.App.3d at p. 74.) In November 1979, judgment was entered in that action. Among its findings, the trial court found that appellant would not be fully compensated for his damages even with the recovery of both the Farmers liability coverage and the United UMC, and that therefore appellant was entitled to the full amount of the $25,000 offered by Farmers under the liability policy. *(Id.,* at p. 75.)

United filed a notice of appeal from the trial court's judgment. In March 1980, while that appeal was pending,[1] Farmers moved to have appellant's personal injury action against Hernandez dropped from the trial calendar. The motion was opposed by appellant, who also withdrew his offer to settle the case for $25,000. Nevertheless, Farmers then offered to settle for $25,000, without conditions. The offer was refused, and appellant's personal injury action against Hernandez was tried. The jury awarded appellant $158,000 in damages.

In June 1981, appellant filed the instant action against Farmers and United. Among his allegations was that Farmers' handling of the settlement of his claim had violated Insurance Code section 790.03. Farmers moved for summary judgment on the ground that its conduct was proper as a matter of law. It argued that an insurer's obligation of good faith and fair dealing precludes it from paying its policy limits for a settlement that does not dispose of all claims against its insured. Summary judgment was entered in favor of Farmers,[2] and this appeal followed.

---

[1] The trial court's judgment in the interpleader action was eventually affirmed. *(United Pacific-Reliance Ins. Companies* v. *Kelly, supra,* 140 Cal.App.3d at p. 77.)

[2] Appellant has settled his action against United for $40,000.

## DISCUSSION

█ Appellant contends the trial court erred in granting summary judgment because triable issues of fact exist as to whether Farmers' handling of his claim was an unfair settlement practice. Farmers argues that summary judgment was properly granted because its conditional acceptance of appellant's settlement offer was reasonable as a matter of law.

█ Because the summary judgment procedure denies the right of the adverse party to a trial, it must be used with caution. (*Mann* v. *Cracchiolo* (1985) 38 Cal.3d 18, 35 [210 Cal.Rptr. 762, 694 P.2d 1134].) █ Summary judgment is properly granted only when the evidence in support of the moving party establishes that there is no material issue of fact for trial. (*Lipson* v. *Superior Court* (1982) 31 Cal.3d 362, 374 [182 Cal.Rptr. 629, 644 P.2d 822].) █ The affidavits of the moving party must be strictly construed, and doubts as to the propriety of granting summary judgment must be resolved in favor of the opponent of the motion. (*Miller* v. *Bechtel Corp.* (1983) 33 Cal.3d 868, 874 [191 Cal.Rptr. 619, 663 P.2d 177].)

The Unfair Practices Act (Ins. Code, § 790 et seq.) prohibits insurers from engaging in a variety of unfair claims and settlement practices. (Ins. Code, § 790.03, subd. (h).) Section 790.03, subdivision (h), is a codification of the tort of breach of the implied covenant of good faith and fair dealing as applied to insurance. (*General Ins. Co.* v. *Mammoth Vista Owners' Assn.* (1985) 174 Cal.App.3d 810, 822 [220 Cal.Rptr. 291].) █ An individual who is injured by the alleged negligence of an insured may sue the negligent party's insurer for violating subdivision (h) after the action between the injured party and the insured is concluded. (*Royal Globe Ins. Co.* v. *Superior Court* (1979) 23 Cal.3d 880, 884 [153 Cal.Rptr. 842, 592 P.2d 329].) █ A single violation of the statute, knowingly committed, is a sufficient basis for such an action. (*Id.,* at pp. 890-891.)

█ The implied covenant, which is part of every insurance contract, imposes a duty on the insurer to settle a claim against its insured within policy limits whenever there is a substantial likelihood of a recovery in excess of policy limits. (*Johansen* v. *California State Auto. Assn. Inter-Ins. Bureau* (1975) 15 Cal.3d 9, 14-15 [123 Cal.Rptr. 288, 538 P.2d 744].) An insurer may be liable for unwarranted refusal of a reasonable settlement offer. (*Crisci* v. *Security Ins. Co.* (1967) 66 Cal.2d 425, 429-430 [58 Cal.Rptr. 13, 426 P.2d 173].) When a claimant offers to settle an excess claim within policy limits, the insurer must evaluate the settlement offer in good faith and consider the interests of the insured equally with its own. (*Coe* v. *State Farm Mut. Auto. Ins. Co.* (1977) 66 Cal.App.3d 981, 990 [136

Cal.Rptr. 331].) An insurer who refuses to accept a reasonable settlement offer within policy limits, in violation of its duty of good faith and fair dealing, is liable for the entire judgment against the insured, even if it exceeds policy limits. (*Comunale* v. *Traders & General Ins. Co.* (1958) 50 Cal.2d 654, 660-661 [328 P.2d 198, 68 A.L.R.2d 883].)

██ United's subrogation claim in this case was based on Insurance Code section 11580.2, subdivision (g), which provides in pertinent part that an insurer "paying a claim under an uninsured motorist endorsement or coverage shall be entitled to be subrogated to the rights of the insured to whom such claim was paid against any person legally liable for such injury . . . to the extent that payment was made. . . ." In support of his contention that a jury should be permitted to evaluate Farmers' conduct, appellant argues that notwithstanding section 11580.2, the law is settled that an insurance company which pays uninsured motorist benefits is not entitled to be reimbursed by a concurrent tortfeasor until the insured has been made completely whole. Appellant points out that it is undisputed that his injuries were so severe that he would not be fully compensated even with the recovery of the proceeds of both the liability coverage and the UMC. ██
██ Therefore, appellant reasons, United's subrogation claim was groundless and a triable issue of fact exists as to whether Farmers' refusal to settle until United released that claim was or was not an unfair settlement practice.

*Security Nat. Ins. Co.* v. *Hand* (1973) 31 Cal.App.3d 227 [107 Cal.Rptr 439] and *California State Auto. Assn. Inter-Ins. Bureau* v. *Huddleston* (1977) 68 Cal.App.3d 1061 [137 Cal.Rptr. 690] support appellant's position with respect to United's subrogation rights, or lack thereof, in the instant case. In *Security Nat. Ins. Co.* v. *Hand,* a motorist was injured in an accident caused by the concurrent negligence of two other drivers, X and M. M had liability insurance with a $15,000 per person limit. X was uninsured, but the injured party, H, had insurance which included UMC with a $15,000 limit. It was undisputed that H's damages exceeded $30,000. H's insurer contended that it owed him nothing, on the ground that it was entitled to subrogation against the tortfeasor even though H would not be made whole. The appellate court disagreed. It held that under the facts of the case, the injured party who had UMC and whose damages were far in excess of the minimum statutory and policy limits for that coverage, and who had been only partly made whole by the concurrent tortfeasor, was entitled to recover under his UMC; moreover, the UMC carrier had no right of subrogation. (*Security Nat. Ins. Co.* v. *Hand, supra,* 31 Cal.App.3d at pp. 231-236.)

*California State Auto. Assn. Inter-Ins. Bureau* v. *Huddleston, supra,* 68 Cal.App.3d 1061, also involved a party injured by two concurrent tortfeasors, one of whom was uninsured. The injured party's own coverage included uninsured motorist protection. It was agreed that damage to the insured was in excess of $30,000. The court held that after payment of policy limits by the carrier for the insured tortfeasor, the injured party's own carrier was liable to pay the policy limits under its uninsured motorist coverage for the negligent conduct of the uninsured driver. *(Id.,* at pp. 1067-1069.)

The holding of these cases has been summarized by one treatise writer as follows: "[T]he right of subrogation granted to the carrier by [Insurance Code section] 11580.2(g) cannot and does not grant the uninsured motorist carrier the right to recover the money paid out to its insured for the personal injuries suffered by its injured insured from the insured tortfeasor's company, while its own injured insured was not fully compensated for his damages." (Eisler, Cal. Uninsured Motorist Law Handbook (3d ed. 1979) § 10.3, pp. 269-270.)

■ In its brief to this court, Farmers completely ignores the foregoing authority. Instead, it relies heavily on *Coe* v. *State Farm Mut. Auto. Ins. Co., supra,* 66 Cal.App.3d 981, and urges that as a matter of law its conditional acceptance of appellant's settlement offer was reasonable and in good faith. In that case, Coe was injured in an accident which occurred during the course and scope of his employment. His vehicle was struck by an automobile driven negligently by Strandberg, who was insured by State Farm. Coe made a demand on State Farm to settle for the policy limits. State Farm replied that the settlement demand was premature for various reasons, among them that Coe had not indicated that a release would be executed by the worker's compensation carrier involved. Coe died, and his heirs brought a wrongful death action against Strandberg which resulted in a $250,000 verdict. Coe's heirs then brought an action against State Farm for bad faith refusal to settle and won in excess of $300,000. *(Id.,* at pp. 987-988.)

The appellate court reversed the bad faith judgment on the ground that Coe's settlement demand or offer was unreasonable as a matter of law. The court pointed out that according to the requirements of the Labor Code, no settlement of Coe's claims could have been effective without the written consent of the State Compensation Insurance Fund. Because the compensation-carrier consent prerequisite to a valid settlement was imposed by law, State Farm did not reject a *reasonable* settlement offer. *(Id.,* at pp. 992-993.) The court added that acceptance by the insurer of the offer would have amounted to an abdication of its responsibilities to its own insured because

it would have left her exposed to a recoupment action by the fund. "Bad-faith refusal to accept a settlement offer cannot occur where 'acceptance' would itself be bad faith." (*Id.,* at p. 994.)

Relying on *Coe,* Farmers argues that it could not ignore the competing claims against its insured and that its choice not to gamble on the outcome of the interpleader action was patently reasonable. However, Farmers over-looks the critical factual distinctions between *Coe* and this case, and we cannot agree that *Coe* supports the trial court's grant of summary judg-ment. In *Coe* the fund's consent to the settlement was required as a matter of law; thus State Farm could not have accepted the settlement offer absent that consent. In contrast, in this case Farmers cites no authority which would support a conclusion that United was entitled to subrogation as a matter of law. Indeed, the opposite is true here, as both *Security Nat. Ins. Co.* v. *Hand, supra,* 31 Cal.App.3d 227, and *California State Auto. Assn. Inter-Ins. Bureau* v. *Huddleston, supra,* 68 Cal.App.3d 1061, indicate that United's subrogation claim was without any merit. Accordingly, the exis-tence of that claim could not have made appellant's settlement demand for the policy limits unreasonable as a matter of law, and Farmers' refusal to pay the policy limits absent United's release of its claim cannot be said to be reasonable as a matter of law.

Farmers also relies on *National Life & Accident Ins. Co.* v. *Edwards* (1981) 119 Cal.App.3d 326 [174 Cal.Rptr. 31] to argue that a bad faith action can never be predicated upon the filing of the interpleader action to resolve competing beneficiary claims. The argument is unpersuasive, and Farmers overstates the holding in that case. In *National Life* an insurer filed a complaint in interpleader to determine the respective rights of competing claimants to a death benefit due on the life of the insured. The claimants cross-complained for bad faith refusal to pay the benefits, and then stipulat-ed to divide the benefits. Their tort actions proceeded to trial, and nonsuits were granted for the insurer. Affirming the judgments of nonsuit, the appel-late court stated in part that a bad faith action could not be predicated on the filing of the interpleader action *absent a showing that the claims of the interpleading parties were not asserted in good faith;* no such showing had been made in that case. (*Id.,* at p. 340.) The court did not hold that an insurer which files an interpleader action rather than pay policy benefits to one claimant can never be found to be acting in bad faith.

We do not hold here that Farmers' conduct amounted to bad faith as a matter of law. We hold only that given the state of the law with respect to United's subrogation rights and the undisputed severity of appellant's inju-ries, a triable issue of fact exists as to whether Farmers' refusal to pay the

$25,000 policy limit unless United released its claim constituted an unfair settlement practice. Summary judgment was improperly granted.

The judgment is reversed. Appellant is to recover his costs.

Barry-Deal, J., and Merrill, J., concurred.

A petition for a rehearing was denied September 10, 1987, and respondent's petition for review by the Supreme Court was denied October 29, 1987.