Filed 5/16/14  P. v. Castillo CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　　　　　v.<br><br>JULIO CASTILLO, JR.,<br><br>　　　　Defendant and Appellant. | F066942<br><br>(Super. Ct. Nos. CRM016735 &<br>CRM023097)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Merced County.  Marc A. Garcia, Judge.

Engel Law Group and Julius M. Engel, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kathleen A. McKenna and Charity S. Whitney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*　　Before Cornell, Acting P.J., Franson, J., and Peña, J.

## PROCEEDINGS

On June 20, 2011, appellant, Julio Castillo, Jr., waived his constitutional rights pursuant to *Boykin/Tahl,*[1] pled no contest to one count of battery of a cohabitant in violation of Penal Code section 273.5, subd. (a)(1),[2] and admitted two prior prison term enhancements (§ 667.5, subd. (b)). Under the terms of the plea agreement, appellant would be placed on probation and face a suspended sentence of six years, based on the upper term of four years for the charged offense and consecutive sentences of one year for each enhancement. On September 7, 2011, the trial court sentenced appellant to a term of six years, suspended execution of its sentence, and placed appellant on felony probation.

On May 30, 2012, an affidavit of probation violation was filed alleging that appellant was arrested for felony drunk driving. On June 14, 2012, a first amended criminal complaint was filed charging appellant with driving under the influence and causing injury (Veh. Code, § 23153, subd. (a), count 1), driving with a measurable blood alcohol content and causing injury (Veh. Code, § 23153, subd. (b), count 2), and felony drunk driving with a qualifying prior conviction in the previous 10 years (Veh. Code, §§ 23550.5, subd. (a) & 23153, subd. (a), count 3). The complaint alleged two prior serious felony convictions within the meaning of the three strikes law and two prior prison term enhancements.

On August 23, 2012, appellant entered into a new plea agreement and executed and initialed an advisement of rights, waiver, and plea form for felonies. The plea bargain included a resolution of both the new allegations, as well as appellant's 2011

---

[1] *Boykin v. Alabama* (1969) 395 U.S. 238; *In re Tahl* (1969) 1 Cal.3d 122 (*Boykin/Tahl*).

[2] All statutory references are to the Penal Code unless otherwise indicated.

conviction. Under the new agreement, appellant would admit count 2, one prior serious felony conviction pursuant to the three strikes law, and a prior prison term enhancement. The remaining allegations in the new action would be dismissed. Under the agreement, appellant would receive the midterm of two years on count 2, doubled to four years pursuant to the three strikes allegation, plus a consecutive term of one year for one prior prison term enhancement. In addition to appellant's five-year sentence on the new criminal complaint, appellant would receive a consecutive term of one-third the midterm, or one year, for his 2011 conviction for battery of a cohabitant. Appellant's total prison term would be six years.[3]

At the change of plea hearing, the prosecutor and defense counsel were well aware that appellant faced a suspended sentence of six years for his 2011 battery of a cohabitant conviction. The prosecutor and defense counsel explained to the trial court that although appellant's total negotiated sentence was six years for both the 2011 conviction *and* for the current plea agreement, appellant was entitled to half-time credits under the original suspended sentence. Under the new plea agreement, appellant would receive fewer conduct credits and have to serve 80 percent of his sentence because of his admitted strike allegation. The parties agreed appellant could be resentenced on both offenses.

After a brief discussion concerning the amount of total credits appellant had already acquired, the parties reached an agreement that appellant would not receive all of the custody credits he had acquired from the 2011 conviction. Defense counsel called the renegotiated plea agreement the six-year deal. The court explained to appellant that he would be resentenced on the 2011 battery of a cohabitant, the case in which he violated probation, and would receive one-third the midterm, or one year, with custody credits

---

[3]    The sentencing triad for a violation of section 273.5, subdivision (a) is two years, three years, and four years.

from that case.  The parties agreed appellant would receive 240 days of custody credits and a total prison term of six years.

The court advised appellant of and took a waiver of his *Boykin/Tahl* rights. Appellant indicated he understood the terms of the plea agreement and pled no contest to count 2, the violation of Vehicle Code section 23153, subdivision (b).  Appellant admitted the three strikes allegation, one prior prison term enhancement, and that he violated his probation.  The court dismissed the remaining allegations in the first amended criminal complaint.

On November 30, 2012, the court denied appellant's *Marsden*[4] motion and sentenced appellant, according to the terms of the plea agreement, to a prison term of six years.  Appellant received custody credits in case No. CRM016735 (battery of cohabitant) of 240 days (160 days of actual custody credit plus 80 days of conduct credits) and custody credits in case No. CRM023097 (drunk driving action) of 382 days (186 days of actual custody credits plus 186 days of conduct credits).

In mid-January 2013, appellant filed a motion to withdraw his plea.  The court denied the motion on January 28, 2013.  On March 20, 2013, appellant filed a notice of appeal and request for a certificate of probable cause.  The trial court denied appellant's request for a certificate of probable cause.

Appellant contends the trial court erred in denying his *Marsden* motion and his motion to withdraw his plea. Respondent replies that appellant's notice of appeal was filed well after 60 days after the sentencing hearing and is untimely.  Respondent further argues that the issues appellant raises are not cognizable on appeal without a certificate of

---

**4**  *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

probable cause. We agree with both points made by respondent and will dismiss the appeal.[5]

## DISCUSSION

*Dismissal of Appeal*

Appellant failed to file his notice of appeal within 60 days of the sentencing hearing. Under Penal Code section 1237.5 and California Rules of Court, rule 8.308, the failure to comply with the time limit requirements is jurisdictional and the appeal must be dismissed. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1094.) The file stamp from the superior court for the notice of appeal is dated March 20, 2013. Defense counsel purportedly executed the notice of appeal on March 17, 2013. Either date is well beyond 60 days from the sentencing hearing. Although appellant's motion to withdraw his plea was not heard until January 28, 2013, we agree with respondent that such a postjudgment order was not timely and is not appealable. (§ 1237; See *People v. Mazurette* (2001) 24 Cal.4th 789, 792-799.)

We further agree with respondent that both issues raised by appellant essentially challenge the merits of appellant's plea. In order to appeal issues related to the validity of a plea agreement, a defendant must obtain a certificate of probable cause pursuant to section 1237.5. The trial court denied appellant's certificate of probable cause. Accordingly, the issues he raises are not cognizable on appeal. (*People v. Panizzon* (1996) 13 Cal.4th 68; *People v. Johnson* (2009) 47 Cal.4th 668, 676-685 [motion to withdraw plea based on ineffective assistance of counsel requires certificate of probable cause; also overruling this court's opinion in *People v. Osorio* (1987) 194 Cal.App.3d

---

[5] As we explain, we disagree with an argument made by respondent in footnote 4 on page 3 of its opening brief.

Because the appeal must be dismissed, we do not recount the facts of appellant's offenses.

183, 188-189, finding no certificate of probable cause required to appoint counsel to investigate potential grounds for a motion to withdraw a plea].)

### *Alleged Unauthorized Sentence*

Respondent raises another point in footnote 4 of its opening brief, arguing that the trial court's sentence is unauthorized. Respondent argues that because the trial court stayed execution of appellant's six-year sentence for his 2011 conviction for cohabitant battery, it must impose the previously stayed sentence upon the revocation of appellant's probation. (Citing *People v. Howard* (1997) 16 Cal.4th 1081, 1095 (*Howard*) [distinguishing between cases in which trial court places defendant on probation and does not select a sentence thus giving the trial court discretion to fashion a sentence and cases in which the trial court has already selected a specific sentence, stays its execution while defendant is on probation, and no longer has discretion to change the defendant's sentence].)

We find a number of problems with respondent's assertion that the trial court's sentence is unauthorized. We initially note that respondent has not filed a cross-appeal raising this point. Respondent has further failed to make this contention in a separate heading as required by California Rules of Court, rules 8.204(a)(1)(B) and 8.360(a). Instead, respondent raises this point in a footnote. Another procedural problem with this contention is that respondent does not suggest how this court should handle the alleged unauthorized sentence. Respondent's proposed disposition of this case is dismissal. The allegation that the sentence is unauthorized, on the other hand, is inconsistent with respondent's proposed disposition.

Furthermore, respondent's argument fails to take into account that appellant and the prosecution refashioned appellant's original plea bargain in the 2011 cohabitant battery case as part of the resolution of the felony drunk driving case. The instant action

6

was not a simple case involving only the violation of probation in the original action and the lifting of the stay on an unexecuted sentence as occurred in *Howard*.

In the instant action, appellant committed a new felony and was charged with having committed a prior serious felony within the meaning of the three strikes law. The parties resolved both cases with a *new* plea agreement that punished appellant for *both* offenses. Once the court has accepted the terms of a negotiated plea agreement, it lacks jurisdiction to alter the terms of that plea agreement so that it becomes more favorable to a defendant, unless the parties agree to a change. (*People v. Blount* (2009) 175 Cal.App.4th 992, 996-999; *People v. Ames* (1989) 213 Cal.App.3d 1214, 1217; *People v. Cardoza* (1984) 161 Cal.App.3d 40, 45, fn. 4.)

Here, the parties not only agreed to the new sentencing terms for the 2011 cohabitant battery case, they actively refashioned them prior to the new agreement being approved by the trial court. Equally important, it does not appear that appellant received a better sentence under the terms of the new agreement. Although appellant's prison term was ostensibly the same length of time, his acquisition of new custody credits counted for less under the new agreement because of the three strikes allegation, compared to the first plea agreement in 2011 that allowed appellant to acquire so-called 50 percent custody credits. The appellant could have faced an even longer consecutive sentence for his 2011 conviction, but the prosecutor was willing to forgo a longer sentence with a limit on appellant's custody credits for the first offense, along with the legal requirement that appellant serve 80 percent of his sentence rather than just 50 percent. Each side bargained for and received something from the current plea agreement.

In sum, we reject respondent's argument that the trial court's sentence in the instant matter was unauthorized.

**DISPOSITION**

The appeal is dismissed.