NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 24 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT DORROH and BARBARA DORROH, Trustees of the Bankruptcy Estate of Cedar Sol Warren, | No. 17-15068 |
| Plaintiffs-Appellants, | D.C. No. 1:11-cv-02120-DAD-EPG |
| and | |
| CEDAR SOL WARREN, | MEMORANDUM* |
| Plaintiff, | |
| v. | |
| DEERBROOK INSURANCE COMPANY, a wholly-owned subsidiary of Allstate Insurance Company, | |
| Defendant-Appellee. | |

| | |
|---|---|
| CEDAR SOL WARREN, | No. 17-15069 |
| Plaintiff-Appellant, | D.C. No. 1:11-cv-02120-DAD-EPG |
| and | |

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

ROBERT DORROH and BARBARA DORROH, Trustees of the Bankruptcy Estate of Cedar Sol Warren,

Plaintiffs,

v.

DEERBROOK INSURANCE COMPANY, a wholly-owned subsidiary of Allstate Insurance Company,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Argued and Submitted September 14, 2018
San Francisco, California

Before:  RAWLINSON, WATFORD, and FRIEDLAND, Circuit Judges.

Plaintiffs-Appellants Robert Dorroh, Barbara Dorroh, and Cedar Warren appeal the district court's grant of summary judgment to Deerbrook Insurance Company in their bad faith insurance lawsuit.  We affirm.

**1.** Plaintiffs have waived any claims based on bad faith in connection with Deerbrook's 2006 rejection of the Dorrohs' proposed stipulated judgment and allegedly advising Warren to file for bankruptcy because they did not address those potential bases for bad faith liability on appeal.  *See Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018).

2

**2.** The district court did not err in granting summary judgment to Deerbrook on Plaintiffs' bad faith claim related to settlement communications in 2001. "An insured's claim for bad faith based on an alleged wrongful refusal to settle first requires proof the third party made a reasonable offer to settle the claims against the insured for an amount within the policy limits. The offer satisfies this first element if (1) its terms are clear enough to have created an enforceable contract resolving all claims had it been accepted by the insurer, (2) all of the third party claimants have joined in the demand, (3) it provides for a complete release of all insureds, and (4) the time provided for acceptance did not deprive the insurer of an adequate opportunity to investigate and evaluate its insured's exposure." *Graciano v. Mercury Gen. Corp.*, 179 Cal. Rptr. 3d 717, 726 (Ct. App. 2014) (internal citations omitted).

Applying these principles, Deerbrook was not required to accept the settlement that the Dorrohs offered because it either would not have protected Deerbrook and Warren from further liability or would have required the approval of Dorroh's workers' compensation insurer, Superior National Insurance Company.

Plaintiffs contend that the Dorrohs offered Deerbrook a "segregated settlement" as defined by California law, which allows a tort victim to settle with the tortfeasor without approval of the workers' compensation carrier. *See* Cal.

3

Lab. Code § 3859(b). Even assuming this settlement proposal could be viewed as a "segregated settlement," Deerbrook was not required to agree to a settlement that would not have protected Deerbrook and Warren from claims by Superior National. A segregated settlement does not release the workers' compensation carrier's claims. *See Bd. of Admin. v. Glover*, 671 P.2d 834, 842 (Cal. 1983) (in bank). If Deerbrook had agreed to a segregated settlement, Superior National still could have pursued Deerbrook and Warren.[1] And even if the Dorrohs' offer to indemnify Warren as part of the segregated settlement protected Warren from further liability, the offer did not include indemnification for potential claims against Deerbrook. *See Levin v. Gulf Ins. Grp.*, 82 Cal. Rptr. 2d 228, 231 (Ct. App. 1999) (holding that an insurer may be liable for interference with prospective economic advantage if it leaves a known lienholder out of a settlement).[2]

---

[1] We do not agree with Plaintiffs that section 3859(b)'s statement that an unsegregated settlement "shall be subject to the employer's right to proceed to recover compensation he has paid in accordance with Section 3852" means that the employer can *only* recover compensation it has already paid. And Plaintiffs have no other relevant support for their contention that an employer or its workers' compensation carrier cannot recover from a tortfeasor who injured an employee (or from that tortfeasor's insurer) when the employee has entered a settlement but the employer has not.

[2] A segregated settlement was probably not possible, in any event, because the Dorrohs repeatedly refused to provide the purported denial letter from Superior National.

4

That left an offer of an "unsegregated settlement," which would have resolved all claims against Warren and Deerbrook but required Superior National's written consent. *See* Cal. Lab. Code §§ 3859(a), 3860. Without Superior National's approval, the offer was not an unsegregated settlement either. *See Coe v. State Farm Mut. Auto. Ins. Co.*, 136 Cal. Rptr. 331 (Ct. App. 1977).[3]

**3.** Because summary judgment to Deerbrook was appropriate on Plaintiffs' bad faith claim, it was also appropriate on Warren's claim for punitive damages. *See Am. Cas. Co. v. Krieger*, 181 F.3d 1113, 1123 (9th Cir. 1999) (explaining that under California law "[i]f the insurer did not act in bad faith, punitive damages are unavailable").

**AFFIRMED.**

---

[3] Plaintiffs cite to *Kelly v. Farmers Insurance Exchange*, 239 Cal. Rptr. 259 (Ct. App. 1987), but the case is not helpful to them. *Kelly* involved distinct subrogation rules applicable to uninsured motorist carrier coverage, which did not require consent for a settlement from the uninsured motorist carrier. *Id.* at 262-63. By contrast, the workers' compensation subrogation rules in *Coe* and here require the carrier's approval for an unsegregated settlement. *Kelly* distinguished *Coe* based on these subrogation rules, making clear that *Coe* is applicable in workers' compensation situations like this one. *See id.* And to the extent that Plaintiffs contend that *Coe* was overruled by the amendments to California Labor Code section 3859, *Kelly* was decided following those amendments, and its citations to *Coe* confirm that the case remains applicable here. *See id.*